UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12085-RGS

NATHAN MARQUIS LeBARON,
PLAINTIFF,

v.

HAROLD W. CLARKE, COMMISSIONER, ET AL.,
DEFENDANTS.

MEMORANDUM AND ORDER

January 24, 2011

STEARNS, D.J.

BACKGROUND

On December 1, 2010, plaintiff Nathan Marquis LeBaron ("LeBaron"), then a prisoner at MCI Norfolk and now a prisoner at the Souza Baranowski Correctional Center, filed a civil rights Complaint along with motions seeking emergency relief. LeBaron alleges, *inter alia*, that he is being deprived of his right to free exercise of religion, and he complains about the purported "kosher" food being provided to him, contending it is nutritionally deficient and not strictly kosher. He also challenges sanctions imposed against him for possession of contraband items related to his food issues.

On December 3, 2010, this court issue an Order (Docket No. 7) denying LeBaron's request for emergency injunctive relief without prejudice. Thereafter, on December 20, 2010, LeBaron again sought emergency injunctive relief, and on December 30, 2010, this court denied *ex parte* relief without prejudice to renew after a responsive pleading had been filed by the defendants.

On January 6, 2011 and thereafter, LeBaron filed a number of motions seeking various types of relief.

DISCUSSION

Upon review of the pleadings, it is hereby Ordered as follows.

1. <u>LeBaron's Motion to Appoint Counsel</u>

LeBaron's Motion to Appoint Counsel (Docket No. 13) is <u>DENIED</u>. The court does not find this case presents exceptional circumstances warranting appointment of *pro bono* counsel. The court will, however, consider at a later point whether to appoint *pro bono* counsel <u>only</u> for mediation purposes should the parties report a willingness to participate in this Court's Alternative Dispute Resolution Program.

2. <u>LeBaron's (Renewed) Motion for a Hearing</u>

LeBaron's third Motion for a Hearing (Docket No. 14) is <u>DENIED.</u> At this time the court does not consider that a hearing is necessary. If a hearing on the issues is necessary at a later time, one will be set. <u>See</u> Local Rule 7.1(e) ("If the court concludes that there should be a hearing on a motion, the motion will be set down for hearing at such time as the court determines.").

3. <u>LeBaron's (Third) Motion for an *Ex Parte* Temporary Restraining Order and Preliminary Injunction</u>

LeBaron's third Motion for a Temporary Restraining Order and Preliminary Injunction (Docket No. 15) is again <u>DENIED</u> on an *ex parte* basis. As this court indicated in connection with LeBaron's first motion for injunctive relief, <u>see</u> Memorandum and Order

2

(Docket No. 7), and his second motion for injunctive relief, see Electronic Order entered December 30, 2010, absent a responsive pleading from the defendants, this court cannot find that LeBaron has demonstrated a likelihood of success on the merits or that the harm to him would outweigh the harm to the defendants or to the public. Notwithstanding LeBaron's assertion of dire circumstances, his third renewed request adds nothing to the mix to show that *ex parte* relief is warranted. In short, this court will not grant *ex parte* injunctive relief in this case, and LeBaron may not file any further *ex parte* motions for such relief.

Once LeBaron properly serves process on the defendants and files proof of same, he may renew his motion for injunctive relief after the defendants have filed an Answer or other responsive pleading. Once briefed, this court will consider the propriety of injunctive relief and whether a hearing on the matter is necessary.

4. <u>LeBaron's Motion to Voluntarily Dismiss Harold Clarke and for Responsive Pleading</u>

LeBaron's Motion to Dismiss (Docket No. 19) is <u>ALLOWED</u> to the extent that he seeks to voluntarily dismiss Harold W. Clarke as a defendant,[1] but <u>DENIED</u> with respect to his request for an Order directing the remaining defendants to produce responsive pleadings (presumably so that he may renew his request for a temporary restraining order).

After a review of the Exhibits filed by LeBaron purporting to be proof of service, see Offer of Proof (Docket No. 21), this court is not satisfied that proper service has been

---

[1] The Clerk shall correct the docket accordingly. This is not a separate or final judgment.

effected on the defendants as service appears to have been made on legal counsel for the Department of Correction, but there is no indication that legal counsel has agreed to accept service on behalf of the defendants. While the court credits that LeBaron has made an attempt to serve the defendants, at this juncture the court cannot find proper service has been made. Should LeBaron contend that proper service has been made in accordance with the Federal Rules of Civil Procedure, he may file an Offer of Proof of Service indicating how proper service has been made on each of the defendants, by specifically stating who was served, and what legal authority that person had to accept service on behalf of a defendant. Service on presumed legal counsel is insufficient without some evidence of authority to accept service or agreement by legal counsel to do so.

If necessary, LeBaron may request the Clerk send additional USM 285 forms in order to request re-service by the United States Marshal Service.

5. <u>LeBaron's Motion to Strike Plaintiffs December 10, 2010 Motion to Reverse the Court's December 30, 2010 Order and Rule on Plaintiff's December 29, 2010 Motion</u>

LeBaron alleges that this court lacked all the facts and documentation submitted with his earlier motion from the SMU at MCI Norfolk, and now requests reconsideration of his requests for a Temporary Restraining Order. He submits a number of exhibits in support, including grievance forms, purported proof of service, letters from LeBaron to prison staff, a letter from Deputy Superintendent Sumner regarding his custody review status and reclassification, disciplinary reports and appeals, and National Certified Food Specifications concerning a kosher diet. <u>See</u> Offer of Proof (Docket No. 21).

LeBaron's Motion to Strike Plaintiffs December 10, 2010 Motion to Reverse the

4

Court's December 30, 2010 Order and Rule on Plaintiff's December 29, 2010 Motion (Docket No. 20) is <u>DENIED</u>. Notwithstanding the exhibits submitted by LeBaron, the court's view of this matter is unaltered. To reiterate, this court finds no good cause has been shown to grant emergency *ex parte* injunctive relief. As stated in the December 30, 2010 Electronic Order, "[a]t this point in the litigation, the court finds plaintiff's allegations regarding food poisoning and other health concerns are troubling, but cannot find that ex parte injunctive relief is appropriate under Fed. R. Civ. P. 65. Absent a written response to these allegations by the defendants, this court cannot adequately gauge the propriety of granting injunctive relief, and therefore will not consider granting an ex parte Temporary Restraining Order." Electronic Order entered December 30, 2010.

In light of this, LeBaron's continued attempts as such relief will not be considered.

6. <u>LeBaron's Motion for Dismissal of D-Reports and to be Reclassified to Medium Security</u>

LeBaron's Motion for Dismissal of D-Reports and to be Reclassified to Medium Security (Docket No. 22) is <u>DENIED</u>. While he alleges the Disciplinary reports against him violated his due process and were made in retaliation for exercise of his First Amendment rights, these allegations are likely to be disputed matters, and this court finds no basis to grant relief on an *ex parte* basis. Similarly, the court finds no good cause to interfere with the DOC's classification and placement of LeBaron in a maximum security facility.

<u>CONCLUSION</u>

To sum, based on the foregoing, it is hereby Ordered that:

1. LeBaron's Motion to Appoint Counsel (Docket No. 13) is <u>DENIED</u>;

2.  LeBaron's third Motion for a Hearing (Docket No. 14) is <u>DENIED</u>;

3.  LeBaron's third Motion for a Temporary Restraining Order and Preliminary Injunction (Docket No. 15) is <u>DENIED</u>;

4.  LeBaron's Motion to Dismiss (Docket No. 19) is <u>ALLOWED</u> to the extent that he seeks to voluntarily dismiss Harold W. Clarke as a defendant, but <u>DENIED</u> with respect to his request for an Order directing the remaining defendants to produce responsive pleadings;

5.  LeBaron's Motion to Strike Plaintiffs December 10, 2010 Motion to Reverse the Court's December 30, 2010 Order and Rule on Plaintiff's December 29, 2010 Motion (Docket No. 20) is <u>DENIED</u>; and

6.  LeBaron's Motion for Dismissal of D-Reports and to be Reclassified to Medium Security (Docket No. 22) is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE