UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATHAN MARQUIS LEBARON, *pro se*, ) | |
| ) | |
| Plaintiff ) | District Court Docket No. |
| v. ) | 1:10-cv-12085-RGS |
| ) | |
| LUIS SPENCER, Commissioner, ) | |
| GARY RODEN, CYNTHIA SUMNER, ) | |
| BILL BATES, SHERRY ELLIOTT, ) | |
| DAVID CLANCY,  JOHN R. BOSSE, ) | |
| ERNEST J. THERIEN, and ) | |
| IPS OFFICER YELLE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO ASHBY'S MOTION TO INTERVENE

Defendants oppose the motion of Keith Ashby ("Ashby") to intervene for three reasons: First, Mr. Ashby has no standing in this civil proceeding. Second, Mr. Ashby's motion is untimely because defendants filed their motion for summary judgment on February 24, 2012. See LeBaron v. Spencer, et. al, USDC10-12085-RGS, pleadings #72-74.  Third, allowance of this belated motion to intervene will unduly delay the prompt adjudication of this civil action. Moreover, it is highly prejudicial to the defendants who have asserted their right to qualified immunity.

## ARGUMENT

### I.   ASHBY HAS NO STANDING TO INTERVENE.

The citizen must have standing to bring the § 1983 action. In federal civil rights litigation, there is a three-part test to establish standing. The litigant must (1) show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the

defendant; (2) that the injury fairly can be traced to the challenged action; and (3) is likely to be redressed by a favorable decision. American Postal Workers Union v. Frank, 968 F.2d 1373, 1374 (1st Cir. 1992).

Ashby cannot succeed on any part of the three step "standing" analysis. Certainly, he claims to be personally harmed by the defendants' purported actions against him where he claims, in this pleading, to be practicing the Messianic Judaic faith. However, he is not currently listed as practicing the Messianic Judaic faith. In fact, he is currently practicing Islam. Further, Ashby, consistent with his Muslim beliefs, is also partaking of the Halal meat diet. See Ashby IMS Record dated February 28, 2012 attached. Second, Ashby has not made the requisite showing that he has exhausted his administrative remedies with prison officials[1] before attempting to join this suit. Notably, he is required to do so. The Prison Litigation Reform Act ("PLRA")[2] and G.L. c. 127, § 38F.[3] 42 U.S.C. § 1997 a (e), states that "no action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any . . . . correctional facility until such administrative remedies as are available are exhausted." 42

---

[1] The undersigned counsel has conferred with the Chairperson of the Religious Services Review Committee, Christopher Mitchell. As of today, no religious accommodation request has been filed by Ashby. Defendants expressly reserve the right to supplement with an affidavit regarding this point if the Court Orders this Intervention Motion for hearing.

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[3] G.L. c. 127, § 38F provides: "An inmate shall not file any claim that may be the subject of a grievance under section 38E unless the inmate has exhausted the administrative remedy established pursuant to said section 38E; but the court may consider such claim if a final administrative resolution of a grievance filed pursuant to said section 38E has not been decided within 180 days from the date of filing such grievance, or if the inmate can demonstrate to the court that exigent circumstances exist which, if delayed pursuant to the requirements of this section, would jeopardize the life or seriously impair the health of the inmate, or, for actions seeking equitable relief."

U.S.C. § 1997 a(e).  In <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002), the Supreme Court held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  In addition, the <u>Porter</u> Court held that "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all 'action[s] . . . brought with respect to prison conditions,' whether under § 1983 'or any other Federal law.'"  <u>Porter</u>, 534 U.S. at 524.  Nor did the Supreme Court in <u>Porter</u> distinguish between cases brought by prisoners in state court and those brought in federal court.  Rather, the Court specifically held that "exhaustion is now required for <u>all actions</u> brought with respect to prison conditions." <u>Porter</u>, 534 U.S. at 524 (quotations omitted) (emphasis added).  The PLRA language clearly contemplates exhaustion [of administrative remedies] prior to the commencement of the action as "an indispensable requirement." <u>Medina-Claudio v. Rodriguez-Mateo</u>, 292 F.3d 31, 34 (1st Cir. 2002)(emphasis in original).  Indeed, a failure to exhaust administrative remedies under the PLRA can result in a dismissal. <u>Id</u>. at 36.  Accord, <u>Casanova v. DuBois</u>, 289 F.3d 142 (1st Cir.2002) (the exhaustion requirement is "mandatory"). <u>Ngo v. Wood</u>, 548 U.S. 81, 126 S.Ct. 2378 (2006)[4].  Finally, plaintiff fails on the third prong of the standing test where he is most unlikely to achieve a favorable outcome.  In the prison context,

---

[4] "Statutes requiring exhaustion serve a purpose when a significant number of aggrieved parties, if given the choice, would not voluntarily exhaust. Aggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons. Although exhaustion promotes overall efficiency, a party may conclude-correctly or incorrectly-that exhaustion is not efficient in that party's particular case. **In addition, some aggrieved parties may prefer to proceed directly to federal court for other reasons, including bad faith."** (emphasis added) <u>Ngo v. Wood</u>, at 2385. (2006)

Ashby, who could have complied with reasonable prison regulations, by raising his religious accommodation request through the appropriate channel, but chose not to, is not entitled to equitable relief because "he in a very real sense 'carried the keys' to the kitchen cupboard" and "chose not to unlock it.". Talib v. Gilley, 138 F.3d 211, 216 (3rd Cir. 1998) *quoting* Uphaus v. Wyman, 360 U.S. 72, 81, 79 L.Ed.2d 1040, 1046-47, 3 L.Ed.2d 1090 (1959).  How true here, where Ashby has not vetted his religious accommodation claims before the Department of Correction's Religious Services Review Committee, as required by Department regulation. See 103 CMR 403.10(9).   Where Ashby inexplicably chose not to exhaust his administrative remedies, and also chose not to inform prison officials of his change of religious affiliation, he cannot show injury.  Accordingly, he cannot succeed with regard to his claim that defendants has interfered with his rights to practice the Messianic Judaic faith.  Where he has no standing, his motion to intervene must be denied.

      II.    ASHBY'S MOTION TO INTERVENE IS UNTIMELY BECAUSE DEFENDANTS FILED THEIR MOTION FOR SUMMARY JUDGMENT.

Ashby's motion to intervene is untimely where defendants filed their motion for summary judgment on February 24, 2012**.**  See LeBaron v. Spencer, et. al, USDC10-12085-RGS, pleadings #72-74 and compare with Ashby's motion, at pleading #75. Further, LeBaron has previously filed motions to certify a class action which have been denied by this Court (Stearns, J.). See LeBaron v. Spencer, et. al, USDC10-12085-RGS, pleading #29. In a related context, Rule 37 (c) requires near automatic exclusion of Rule 26 information that was not timely disclosed. Wilson v. Bradless of New England, 250 F.3d 10, 20 (2001).  The obligation falls squarely upon the party proffering belated-discovered information to show some justification for the late disclosure or to show that the disclosure is harmless.  LeBaron has made no attempt to

4

shoulder this burden. Thus, a Rule 37 (c ) sanction of exclusion of this person as a plaintiff, much less a witness, is quite appropriate. For these reasons, beyond its factual failings, Ashby's untimely affidavit, filed after defendants' Fed. R.Civ. P 56 motion has been filed, can be summarily disregarded by this Court. Thus, this Court need not waste its time delving into the Ashby affidavit's probative value. <u>Lohnes v. Level 3 Communications, Inc.</u>, 272 F.3d 49 (2001)(failure to disclose identity of expert witness during discovery and the gist of his opinion and submission to Court of expert's affidavit three months after close of discovery and less than three (3) weeks before final pretrial conference justified district court's disregard of the expert affidavit.). See too, <u>Klonski v. Mahlab</u>, 156 F.3d 255, 268 (1st Cir.1998). Accord, <u>Samos v. Imex Corp. v. Nextel Comms. Inc.</u>, 194 F.3d 301, 305 (1st Cir.1999). Exclusion of Ashby as a plaintiff is amply warranted under these circumstances.

    III.    <u>ASHBY'S MOTION TO INTERVENE MUST BE DENIED UNTIL DEFENDANTS' QUALIFIED IMMUNITY DEFENSE IS DENIED</u>.

Defendants filed their summary judgment motion on February 24, 2012 against the sole plaintiff, LeBaron, and Ashby filed his motion to intervene later that day. See <u>LeBaron v. Spencer, et. al,</u> USDC10-12085-RGS, pleadings #72-74 and pleading #75. Given that defendants have argued qualified immunity in their Fed. R. Civ. P. 56 summary judgment motion, as one of their defenses, they have the right, at this late juncture in the litigation, not to have to engage in last minute legal maneuvers with a potentially new plaintiff, Ashby. The possibility of Ashby jumping into the fray of a jury trial, without defendants being afforded any discovery against him, amounts to a trial by ambush. Such dilatory maneuvers should be roundly denied. "There is also the interest, expressed in other contexts, of avoiding judicial proceedings conducted through surprise, sometimes called "trial by ambush." Lawyers should

have fair notice and an opportunity to prepare." U.S. v. Gallant, 306 F.3d 1181, 1189 (1st Cir. 2002). The purpose of according defendants with 90 days notice prior to trial required by Rule 26(a)(2)(B) is to prevent "trial by ambush." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003). Unless and until defendants' Rule 56 motion is denied, Ashby cannot be permitted to intervene.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that their Opposition to Ashby's motion to intervene be granted.

Respectfully submitted,

NANCY ANKERS WHITE

Special Assistant Attorney General

Dated: February 29, 2012
/s/ Joan T. Kennedy
Joan T. Kennedy,
Legal Counsel, BBO #554935
Massachusetts Department of Correction
70 Franklin Street, Suite #600
Boston, MA 02114-1300
(617) 727-3300, ext. 160

## CERTIFICATE OF SERVICE

I, Joan T. Kennedy, counsel for the MA DOC defendants, hereby certify that on this day I served a copy of the foregoing document on the *pro se* plaintiff, Nathan Marquis LeBaron, **W90128**, by first class mail, postage prepaid, to him at Souza Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464 and to non-party Keith Ashby, **W90581,** by first class mail, postage prepaid, to him at Souza Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464 to all other counsel of record electronically.
Dated: February 29, 2012              /s/Joan T. Kennedy
                                                      Joan T. Kennedy

## CERTIFICATION REGARDING LOCAL RULE 7.1

With regard to the plaintiff, the undersigned counsel did not confer with him because any attempt to confer with Nathan Marquis LeBaron, a *pro se* prisoner incarcerated at MCI-Norfolk, would be unduly burdensome and likely serve no purpose. Further, Local Rule 16.2 specifically exempts counsel from the duty to confer with the plaintiff where this civil action is a *pro se* prisoner petition. Counsel for the non-MA DOC defendants have each received separate and final judgment. Finally, the motion to intervene is filed by a non-party to this civil proceeding, Keith Ashby, thus no duty to confer exists.
 Dated: February 29, 2012              /s/Joan T. Kennedy
                                                      Joan T. Kennedy

6