UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12085-RGS

NATHAN MARQUIS LEBARON

v.

LUIS SPENCER, Commissioner; GARY RODEN, CYNTHIA SUMNER, BILL BATES, SHERRY ELLIOTT, DAVID CLANCY, JOHN R. BOSSE, ERNEST J THERIEN, and IPS OFFICER YELLE

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

March 6, 2012

STEARNS, D.J.

Nathan Marquis LeBaron, a prisoner currently residing at the Souza Baranowski Correctional Center (SBCC) in Shirley, Massachusetts, brought this complaint against defendants for various allegations of inhumane conditions of confinement, including denials of his First Amendment right to practice the Messianic Judaic religion.[1]

---

[1] In his Amended Complain, LeBaron alleged the following claims: abuse of process (Count I), violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) (Counts II and III), retaliation (Count IV), violations of equal protection of the laws under 42 U.S.C. § 1983 (Count V), conspiracy to deprive equal protection of the laws under 42 U.S.C. § 1985 (Count VI), violations of 42 U.S.C. § 1986 (Count VII), cruel and unusual punishments (Count VIII), Ninth Amendment violations (Count IX), vendetta (Count X), intentional infliction of emotional distress (Count XI), breach of fiduciary duty (Count XII), violations of 42 U.S.C. § 1981 (Count XIII), and violations of various CMRs (Count XIV).

Defendants move for summary judgment on all counts.

LeBaron appears to have relinquished all claims "that do not directly relate to the practicing [sic] Messianic Judaism." Dkt # 61. Summary judgment will be granted to defendants on claims that do not directly relate to LeBaron's practice of Messianic Judaism – Counts I, and IV through XIV – on grounds of waiver as well as for the reasons stated in defendants' memorandum of law.

Regarding Counts II and III, the court understands that the parties have agreed to resolve their differences through the Department of Correction's established procedures regarding inmate religious requests. *See* Dkt # 84. LeBaron has agreed to submit an Inmate Religious Services Request Form to the Director of Treatment at SBCC, who will in turn bring the form to the attention of the Religious Services Review Committee, which next meets in early April of 2012. *Id*.

In light of the parties' agreement regarding LeBaron's request to practice Messianic Judaism, it is hereby ordered that Counts II and III be dismissed without costs and without prejudice to the right of any party, upon good cause shown, to restore this action to the docket within 120 days if the parties' agreement is not consummated.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE